# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

## UNITED STATES OF AMERICA

**-vs-** **Case No.4:17-CR-03-01-HLM**

## FRANKLIN LEE CLARK GILMORE GILMORE

**Defendant's Attorney
SUZANNE HASHIMI, ESQ.**

---

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) Two (2) of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 2252(a)(2)and(b)(1) | Distribution of Child Pornography | 2 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$100.00** which shall be due immediately.

The Court finds the defendant is indigent and the Court determines the does not have the ability to pay any additional special assesment.

The Court finds the defendant does not have the ability to pay a fine and the cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

The Court will hold the record open for Ninety (90) days to determine restitution should it become appropriate.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.   XXX-XX-9625        Date of Imposition of Sentence: August 31, 2017
Defendant's Date of Birth:   1991
Defendant's Mailing Address:
Cartersville, GA 30120

Signed this the ___3 1___ day of August 2016.

_____
HAROLD L. MURPHY
SENIOR UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **One Hundred Forty-eight (148) month** as to Count Two (2) with same to run concurrent to any other sentence he may be sentenced to related to the facts of this case.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____   to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By:_____
             Deputy U. S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Fifteen (15) years.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

1.   The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.   The defendant shall submit to one (1) drug urinalysis within fifteen (15) days after being placed on supervision and at least two (2) periodic tests thereafter.

3.   The defendant shall participate in an alcohol or drug treatment program as directed by the United States Probation Officer.  If able, the defendant shall contribute to the costs of services for said treatment.

4.   The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

5. The defendant shall participate in the mental health aftercare program including a psychosexual evaluation and counseling if deemed necessary and comply with the conditions of the sex offender contract under the guidance and supervision of the United States Probation Officer.  If able, the defendant shall be required to contribute to the cost of services for such treatment.

6. Pursuant to 18 U.S.C. § 3583(d), the defendant shall submit his person, and any property, house, residence, vehicle, papers, computer other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision function.  The defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

7.   The defendant shall not access or have access to the
     internet, or any other future developed internet-like
     electronics or technological means of accessing information
     using a computer or any other device or means, except as
     may be allowed and only under the supervision and
     conditions that are prescribed by the United States Probation
     Officer.  The defendant shall, at the request of the probation
     officer, grant the probation officer access to any computer or
     other future developed electronic or technological means of
     accessing information.  The defendant shall assist the
     probation officer to access any and all places on the
     defendant's computer and other electronic or technological
     device with internet or other information accessing capability,
     including information which discloses the sites that the
     defendant has visited and persons or entities whom the
     defendant has communicated with or set or received
     information. The defendant shall permit confiscation and/or
     disposal of any material considered contraband or any other
     item which may be deemed to have evidentiary value related
     to violations of supervision that results either from a search
     of the defendant's personal property or the defendant's
     computer or electronic or technological device.

8.   The defendant shall not view or possess any images of
     minors engaged in sexually explicit conduct or any images
     that show a minor's sexual organs.

9.   A defendant having been convicted of a sexual offense as
     described in 18 U.S.C.§4042(c)(4) shall report the address
     where the defendant will reside and any subsequent change
     of residence to the United States Probation Officer
     responsible for supervision and shall register as a sex
     offender in any state where the person resides, is employed,
     carries on a vocation or is a student.

10. Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offences, the defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

11. The Indictment contains a Forfeiture Provision that states as a result of committing any offense alleged in Count Two (2) of the Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. 853, any and all property, real or personal, constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of said violations and any and all property used or intended to be used in any manner to commit or to facilitate the commission of the violations alleged in Count Two (2).

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support his or her dependents and meet other family responsibilities;

5.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7.  The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.  The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.